UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Kellie Jo Nyanjom, on behalf of herself and others similarly situated, | Civil Action No.: 6:21-cv-1171 |
| Plaintiff, | **Complaint – Class Action** |
| v. | |
| NPAS Solutions, LLC, | **Jury Trial Demanded** |
| Defendant. | |

**Nature of Action**

1. Kellie Jo Nyanjom ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Kansas consumers whose private, debt-related information NPAS Solutions, LLC ("Defendant") disclosed to an unauthorized third party, in connection with the collection of consumer debts.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a

1

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.  Pertinent here, section 1692c(b) of the FDCPA, titled "Communication with third parties," states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

5.  The provision that section 1692c(b) cross-references—section 1692b—governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6.  The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which are applicable here.

7.  Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often send information regarding consumers' alleged debts to third-party print and mail vendors.

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited July 7, 2021).

8. Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9. These third-party mail vendors use information provided by debt collectors—such as a consumer's name, the name of the creditor to whom a debt is allegedly owed, the name of an original creditor, and the amount of an alleged debt—to fashion, print, and mail debt collection letters to consumers.

10. This unnecessary practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

11. Upon information and belief, Defendant routinely provides, in connection with the collection of consumer debts, protected information regarding consumer debts to third-party mail vendors in violation of the FDCPA.

12. Plaintiff therefore seeks relief for herself and on behalf of similarly situated Kansas consumers to whom Defendant sent debt collection letters that were prepared, printed, or mailed by a third-party mail vendor.

**Parties**

13. Plaintiff is a natural person who at all relevant times resided in Wichita, Kansas.

14. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the

---

[2] *See* https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collection-practices-regulation-f#citation-749-p23396 at n. 749 (last accessed July 7, 2021).

subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical care (the "Debt").

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. Defendant is a limited liability company with its principal office in Earth City, Missouri.

18. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

19. Defendant describes itself as "a leading provider of patient collection services for the health care industry since 1980."[3]

20. At the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

21. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

23. Defendant identified itself as a debt collector in its written communication to Plaintiff.

## Jurisdiction and Venue

24. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

---

[3] *See* http://npasweb.com/ (last visited July 7, 2021).

25. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this district, and as Defendant caused debt collection correspondence to be sent to Plaintiff in this district.

## Factual Allegations

26. On or about March 5, 2021, Defendant caused a written communication to be sent to Plaintiff at her Wichita address, in connection with the collection of the Debt.

27. A true and correct copy of the March 5, 2021 communication to Plaintiff is attached, in redacted form, as Exhibit A.

28. The March 5, 2021 letter disclosed the "Outstanding Account Balance" on the Debt. Ex. A.

29. The March 5, 2021 letter identified the creditor to whom Defendant alleged the Debt is and was owed—a medical facility. *Id*.

30. The March 5, 2021 letter disclosed the date of patient service related to the Debt. *Id*.

31. The March 5, 2021 letter identified additional information regarding the Debt, including Defendant's account number, the creditor's account number, an amount for which Defendant would resolve the Debt, and an address for Plaintiff. *Id*.

32. Defendant did not print the March 5, 2021 letter.

33. Rather, Defendant, in connection with the collection of a consumer debt, provided information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and other details regarding the Debt, to a third-party vendor.

34. The return address on the March 5, 2021 communication does not match Defendant's address.

35. The return address on the March 5, 2021 communication includes a P.O. Box in Oaks, Pennsylvania.

36. Defendant does not maintain an office in Oaks, Pennsylvania.

37. The return address on the March 5, 2021 communication includes a P.O. Box in Oaks, Pennsylvania that is associated with RevSpring, Inc., a third-party mail vendor and software company.

38. RevSpring is owned by private equity firm GTCR LLC.

39. RevSpring "designs, analyzes, and improves communications and billing solutions that increase consumer engagement and payment rates."[4]

40. RevSpring touts that "North America's leading healthcare organizations, revenue cycle management, and accounts receivables management companies trust us to maximize their financial results through dynamic and personalized print, online, phone, email, and text communications and self-service payment options."[5]

41. Plaintiff did not provide consent to Defendant to communicate or share any information about the Debt with RevSpring.

42. Plaintiff did not provide consent to Defendant to communicate or share any information about the Debt with any third-party mail vendor.

43. A third-party mail vendor printed the March 5, 2021 communication sent to Plaintiff.

44. A third-party mail vendor mailed the March 5, 2021 communication to Plaintiff.

45. RevSpring printed the March 5, 2021 communication sent to Plaintiff.

---

[4] https://revspringinc.com/about/ (last visited July 7, 2021).

[5] *Id.*

6

46. RevSpring mailed the March 5, 2021 communication to Plaintiff.

47. Defendant transmitted information regarding the Debt to RevSpring.

48. Defendant provided Plaintiff's name to RevSpring.

49. Defendant provided Plaintiff's address to RevSpring.

50. Defendant provided the account balance of the Debt to RevSpring.

51. Defendant provided the name of the creditor of the Debt to RevSpring.

52. Defendant provided the client account number it associates with the Debt to RevSpring.

53. Defendant provided the date on which Plaintiff sought medical care to RevSpring.

## Class Action Allegations

54. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Kansas address, (b) to which NPAS Solutions, LLC sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (d) that was printed or mailed by a third-party vendor, (e) where NPAS Solutions, LLC provided the vendor with information contained in the mailed communication in the one year preceding the date of this complaint through the date of class certification.

55. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

56. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

57. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

58. The class is ascertainable because it is defined by reference to objective criteria.

59. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendant.

60. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

61. To be sure, Plaintiff's claims and those of the members of the class originate from the same practice utilized by Defendant—the communication with, and sending of personal, private information regarding alleged debts to, a third-party mail vendor—and Plaintiff thus possesses the same interests and has suffered the same injuries as each member of the class.

62. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

63. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

64. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable.

65. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

66. There will be no unusual difficulty in the management of this action as a class action.

67. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

68. Among the issues of law and fact common to the class:

   a. Defendant's violations of the FDCPA as Plaintiff alleges;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. whether Defendant's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;

   d. the availability of declaratory relief;

   e. the availability of actual damages and statutory penalties; and

   f. the availability of attorneys' fees and costs.

69. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b), on behalf of Plaintiff and the Class**

70. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 69 above.

71. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

72. By communicating with a third-party mail vendor regarding the Debt, including by disclosing, among other things, the existence of the Debt, the amount owed, Plaintiff's address,

9

and the alleged creditor, Defendant violated 15 U.S.C. § 1692c(b). *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021).

73. The harm Plaintiff suffered is particularized in that Defendant's communications to a third party involved her alleged medical debt and related private, personal information.

74. And the violation of Plaintiff's right not to have her private information shared with third parties is a concrete injury sufficient to confer standing.

75. To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to a third-party vendor—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

76. Additionally, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by invading her privacy. *See, e.g.*, *Robinson v. Cap. One Bank (USA), N.A.*, No. 19-2275, 2020 WL 5819664, at *8 (D. Kan. Sept. 30, 2020) (Crabtree, J.) ("Here, the harm plaintiff alleges is not a 'bare' procedural harm, but rather an invasion of privacy that may be intangible, yet it resembles a traditional basis for suit and represents a harm that the [Fair Credit Reporting Act] seeks to shield against by carefully prohibiting the conduct plaintiff alleges.")

77. That is, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about her and the Debt.

78. Defendant's disclosure of private information about the Debt caused Plaintiff embarrassment.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding Plaintiff and members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## Jury Demand

Plaintiff is entitled to and hereby demands a trial by jury. Plaintiff requests that trial be held in Wichita.

Dated: July 8, 2021                 Respectfully submitted,

*/s/ Tony LaCroix*
Tony LaCroix
Reg. Number: 24279
LaCroix Law Firm LLC 1600
Genessee, Suite 956
Kansas City, MO 64102
Tel: (816) 399-4380 tony@lacroixlawkc.com

Michael L. Greenwald (to seek admission PHV)
Greenwald Davidson Radbil PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*